IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher L. Woods,<br><br>  Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>  Respondents. | No. CIV 04-2932-PHX-EHC (LOA)<br><br>**ORDER** |

On December 20, 2004, Petitioner filed a Petition for a Writ of Habeas Corpus, claiming that his Fourteenth Amendment right to due process was violated when he was convicted of aggravated assault on an accomplice theory, for which there was allegedly insufficient evidence. [Dkt. 1]. On June 1, 2005, Respondents filed a Response to the Petition, contending that Petitioner had failed to exhaust his state remedies by failing to raise his Fourteenth Amendment argument in his State court proceedings.[1] [Dkts. 7 & 8]. On June 9, 2005, Magistrate Judge Lawrence O. Anderson ordered Petitioner to file a Reply, addressing the contention that he failed to exhaust his State court remedies. [Dkt. 9]. On August 2, 2005, Petitioner filed a Reply, arguing that he presented the substance of his Fourteenth Amendment argument to the State courts. [Dkt. 11].

---

[1] Before the State courts, Petitioner claimed his conviction as an accomplice to an aggravated assault violated State v. Phillips, 202 Ariz. 427, 46 P.3d 1048 (2002) (a defendant may not be liable for felony murder under a theory of accomplice liability).

On August 26, 2005, Magistrate Judge Anderson ordered Respondents to provide supplemental briefing on the merits of Petitioner's due process claim. [Dkt. 13]. On September 30, 2005, Respondents filed their Supplemental Memorandum, contending that Petitioner's solicitation of, and assistance in, the armed robbery resulting in the aggravated assault was sufficient evidence to convict Petitioner of aggravated assault on an accomplice theory. [Dkt. 14]. Petitioner filed a Notice of Acknowledgement, stating that he will not file a Response to the Supplemental Memorandum. [Dkts. 15 & 16].

On October 21, 2005, Magistrate Judge Anderson issued a Report and Recommendation [Dkt. 21], recommending that the Petition be denied because Petitioner did not present his federal claim to the State courts and, alternatively, the evidence was sufficient for the trier of fact to convict Petitioner as an accomplice to an aggravated assault.

On November 28, 2005, Petitioner filed an Objection, for the first time claiming that he was given ineffective assistance of counsel and that the prosecutor failed to disclose the criminal record of the state's witnesses and the "deal's (sic) between state and witness." [Dkt. 22]. The Court will not address grounds for granting for habeas corpus relief not raised in the Petition for Habeas Corpus. See Rules Governing Section 2254 Cases, Rule 2(c)(1)("The petition must specify all the grounds for relief available to the petitioner").

A district court judge reviews *de novo* the Report and Recommendation of a Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C).

The Court having reviewed the record *de novo*, adopts in full the Report and Recommendation of the Magistrate Judge and incorporates the same as a part of this Order.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge is adopted in full. [Dkt. 17].

//

**IT IS FURTHER ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**. [Dkt. 1].

DATED this 10th day of January, 2006.

_Earl H. Carroll_
Earl H. Carroll
United States District Judge